**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RODNEY FOX, # 509404,

        Petitioner,

v.                                                Case Number: 08-CV-10864
                                                      Honorable George Caram Steeh

KENNETH MCKEE,

        Respondent.
_____/

**OPINION AND ORDER
(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING AN APPLICATION
FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Rodney Fox, a state prisoner confined at the Chippewa Correctional Facility[1] in Kincheloe, Michigan, filed this "Petition for Writ of Habeas Corpus" [dkt. # 1], on March 3, 2008, asserting that he is being held in violation of his constitutional rights. On September 1, 2004, following a bench trial in Wayne County circuit court, Fox was convicted of (1) second-degree murder, MICH. COMP. LAWS § 750.317, (2) carrying a weapon with unlawful intent, MICH. COMP. LAWS § 750.226, (3) felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and (4) felony firearm, MICH. COMP. LAWS § 750.227b. He was originally

---

[1] At the time Fox filed his habeas petition, he was incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan. He has since been transferred to the Chippewa Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rule Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

sentenced to concurrent prison terms of forty-five to one-hundred years for the second-degree murder conviction, two to five years for the carrying-a-weapon-with-unlawful-intent conviction, two to five years for the felon-in-possession conviction, and the mandatory two years for the felony-firearm conviction. For the reasons stated, the Court will deny the petition. The Court will also decline to issue Fox a certificate of appealability and will deny him an application for leave to proceed on appeal *in forma pauperis*.

## I. BACKGROUND

The Michigan Court of Appeals summarized the facts of the case. The recitation of those facts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). They are as follows:

> On June 10, 2002, there was a shooting at Lou's Body Shop that resulted in the death of an innocent bystander. Evidence collected and analyzed by the Detroit Police Department showed that there were seventeen 9 mm spent bullet casings found outside the back of the body shop indicating that the 9 mm gun was fired from the back and outside of the body shop, aiming toward the interior. The evidence technician also found six 40-caliber spent casings inside the body shop indicating that the shooter of that weapon was shooting from the inside, aiming toward the outside. An analysis by a firearms examiner determined that all of the 9 mm casings were fired from a single weapon. Similarly, that firearms examiner's analysis determined that the six 40-caliber casings were all fired from a single weapon.
>
> The size of the bullet recovered from the victim's head indicated that the single bullet that killed him was smaller than a 40-caliber bullet. The trial court determined in its factual findings that a bullet from the 9 mm weapon killed the victim.
>
> Testimony at trial came from many witnesses, including three men who were located inside the garage when the shooting incident began. Two of those witnesses were called by the prosecution, and one was called at defendant's request.
>
> The witnesses testified that defendant entered the body shop from the rear entrance. They also testified that shooting took place between

2

> defendant and Calvin Ross, who had been sitting in the car with the three witnesses. The witnesses were not consistent as to who fired the first shot. The two witnesses called by the prosecution stated at trial that defendant fired first, while the witness requested by defendant testified that defendant fired his weapon after Ross fired first. Ross did not testify.

*People v. Fox*, No. 258260, 2006 WL 507598, at *1 (Mich.Ct.App. Mar. 2, 2006).

Following his sentencing, Fox filed a direct appeal with the Michigan Court of Appeals. On March 16, 2005, the Court of Appeals issued an order remanding Fox's case back to the trial court for the appointment of substitute counsel, since his appointed appellate counsel had failed to timely file a brief on appeal. *People v. Fox*, No. 258260 (Mich.Ct.App. Mar. 16, 2005). On April 1, 2005, appellate counsel filed a motion for reconsideration from that order. On that same day, Fox, through counsel, filed a motion for a new trial, a motion for a *Ginther*[2] hearing, and a motion for resentencing with the Wayne County circuit court.

On April 21, 2005, the Michigan Court of Appeals issued an order granting Fox's motion for reconsideration and vacating that portion of its March 16, 2005 order that remanded for the appointment of substitute counsel. *People v. Fox*, No. 258260 (Mich.Ct.App. Apr. 21, 2005). In that same order, the Court of Appeals granted the trial court jurisdiction to decide the pending motions for new trial, a *Ginther* hearing, and resentencing, even though the motions were not timely filed under the Michigan court rules. *Id.*

On April 28, 2005, the Wayne County circuit court held a post-conviction motion hearing and subsequently issued an order denying Fox's motions for a new trial and a

---

[2]*People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973).

*Ginther* hearing. *People v. Fox*, No. 04-5772-02 (Wayne County Circuit Court, Apr. 28, 2005). The circuit court also issued an order granting Fox's motion for resentencing on his second-degree murder conviction due to an improper calculation under the Michigan Sentencing Guidelines. *Id.* On July 11, 2005, Fox was resentenced to thirty to fifty years in prison for his second-degree-murder conviction.

Following his resentencing, Fox filed an appeal with the Court of Appeals, raising one claim:

> I. Did the trial court commit reversible error when it failed to allow [Fox] to have a hearing and subpoena a res gestae witness that might well have shown the innocence of [Fox]?

Fox subsequently field a *pro per* supplemental brief, raising two issues, regarding ineffective assistance of trial counsel and prosecutorial misconduct. On March 2, 2006, the Court of Appeals affirmed Fox's convictions and sentences. *Fox*, 2006 WL 507598 (Mich.Ct.App. Mar. 2, 2006). He then filed an application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court, raising the same three claims. On February 27, 2007, the Michigan Supreme Court denied Fox's application. *People v. Fox*, 477 Mich. 1030, 727 N.W.2d 589 (2007). Fox did not file a writ of certiorari with the United States Supreme Court. Rather, Fox filed this habeas petition, raising the same three claims.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's habeas review of state-court decisions. Under the AEDPA, a federal court's review of a habeas proceeding is limited. A federal court may not grant a writ of habeas corpus

4

unless the state adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

The Supreme Court clarified that standard in *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

With that standard in mind, the Court proceeds to address Fox's claims.

### III. DISCUSSION

### A. Claims I and II–Ineffective Assistance of Counsel

In his first habeas claim, Fox alleges that his trial counsel rendered constitutionally ineffective assistance by failing to call a res gestae witness. In his second habeas claim, he argues that his trial counsel was also ineffective in several other respects, including failing to conduct any investigation, failing to call witnesses, failing to be prepared to cross-examine prosecution witnesses, and by arguing in his closing statement that Fox shot in self-defense. The Michigan Court of Appeals, the last court to issue a reasoned decision regarding these issues, stated:

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was so deficient that it did not function as an attorney as guaranteed by the Sixth Amendment, and that the deficient performance prejudiced the defense to the point where he was deprived of a fair trial and reliable result. The defendant must also show "a reasonable probability that, but for counsel's unprofessional errors, the result would have been different."

An attorney's decision of whether to call a witness is a matter of trial strategy. There is a strong presumption that counsel used sound trial strategy. This Court will not substitute its judgment for that of counsel when it comes to matters of trial strategy. Additionally, this Court will not use the benefit of hindsight to assess trial counsel's competence.

In this case, the evidence showed that two weapons were used in the shooting at the body shop, a 9 mm weapon and a 40-caliber weapon. The shooter of the 9 mm weapon was shooting from the back of the body shop toward the interior. The shooter of the 40-caliber weapon was shooting from the inside of the shop toward the outside. The witnesses, including the witness requested by defendant, all of whom were present in the body shop when the shooting began, all stated that defendant discharged his gun from the back of the shop toward the front and that Ross was the other shooter who stayed near one of the cars located in the front of the body shop.

If defense trial counsel had called Richards and if he had testified that defendant did not shoot at all, as suggested by defendant's post-trial counsel, such testimony would have been contradictory to the other witness presented by defendant's trial counsel. Because the presentation of witnesses is considered trial strategy and there is a strong presumption that counsel's performance at trial was sound, defendant's trial counsel did not deprive defendant of a fair trial when he presented only one of two possibly contradictory witnesses.

The claims of ineffective assistance of counsel raised in defendant's supplemental brief were not properly preserved before the trial court. Their review is therefore "limited to errors apparent on the record."

Defendant asserts that his trial counsel failed to conduct any investigation, failed to call witnesses, failed to review prior statements in preparation for cross examinations, and stated in his closing arguments that defendant was inside shooting despite defendant telling counsel that he had no weapon at all.

Defendant's blanket assertions that defense trial counsel should have investigated the case further and called more witnesses, without factual

6

> support as to what such investigation and witnesses would have provided, does not rise to a level sufficient to support a claim of ineffective assistance of counsel. Further, defendant's suggestions that trial counsel should have done something to prevent or alter the plea agreement of another party who was represented by separate counsel is without merit.

*Fox*, 2006 WL 507598, at *1-3 (citations omitted).

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984). To show that he was denied the effective assistance of counsel under federal constitutional standards, Fox must demonstrate that, considering all of the circumstances, counsel's performance fell below the objective standard of reasonableness and so prejudiced him that he was denied a fair trial, and a reasonable probability exists that, but for counsel's conduct, the result would have been different. *Id.* at 694.

Judicial scrutiny of counsel's performance must be highly deferential. Courts presume that an attorney is competent and the burden rests upon Fox to show a constitutional violation. *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995). A strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). A petitioner must also overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. The *Strickland* Court cautioned that courts must take care to avoid second-guessing strategic decisions that did not prove successful. *Id.* at 694. The performance component of the *Strickland* test of ineffective assistance of counsel need not be addressed first; if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Smith v. Robbins*, 528 U.S. 259, 286, n.14 (2000).

In this case, the Court finds that Fox's first habeas claim, alleging that trial counsel was ineffective for failing to call Lawrence Richards to the stand, is without merit. At the April 28, 2005 post-conviction motion hearing, Fox's appellate counsel told the trial court that he had spoken to Richards twice on the phone and that he was not sure of Richards's credibility: "[I]t is absolutely clear to me that he claims he was there, that he saw it, that it was somebody else doing the shooting and not [Fox]. Whether or not the Court will find him credible, I don't know." Motion Hr'g, Apr. 28, 2005, 7. The prosecutor argued at that same hearing that it would have been inconsistent for trial counsel to have presented Richards as a witness, considering that the defense's theory of the case was that Fox's shooting spree at Lou's Body Shop on June 10, 2002 was done in self-defense:

> Furthermore, and probably more importantly is, at trial, [Fox] insisted on having a witness brought here . . . . And he brought in one person. That person said that [Fox] shot in self defense. That's the defense he put one [sic]. He shot in self defense. Now, they're going to put on somebody who said he didn't shoot at all? He's just asking for another–he's fishing. He's asking for something that's totally contradictory.

Motion Hr'g, Apr. 28, 2005, 8.

Given the overwhelming evidence presented at trial that Fox was shooting a 9 millimeter weapon at Lou's Body Shop on the day of the murder, it was reasonable for defense counsel to have argued self-defense. As the Court of Appeals properly concluded, trial counsel's decision not to call Richards to the stand was a matter of strategy, and counsel's performance with respect to this issue can hardly be construed as falling below an objectively reasonable standard.

Moreover, Fox has failed to demonstrate any outcome-determinative prejudice regarding counsel's decision not to call Richards as a witness. In denying Fox's motion for

8

new trial and motion for a *Ginther* hearing, the trial court found that "there has been no offer of proof that Mr. Richards'[s] testimony would, in fact, change the outcome of this case." Motion Hr'g, Apr. 28, 2005, 14. In fact, the trial court pointed out that in Fox's statement to the police, he indicated that Richards was the shooter. The trial court expressed deep skepticism that Richards, a cousin of Fox's, would have come into court and exonerated him. Accordingly, there was no prejudice to Fox.

Because there was no *Strickland* violation, Fox's first ineffective-assistance-of-counsel claim is without merit.

As to Fox's second habeas claim, in which he alleges various other violations of his Sixth Amendment right to the effective assistance of counsel, the Court concludes that those claims are equally without merit. Trial counsel's performance did not fall below an objectively reasonable standard with respect to preparing and presenting Fox's case. Trial counsel argued the best defense theory that he could under the circumstances–that of self-defense. Trial counsel's presentation of the self-defense theory was a matter of strategy, and any errors that Fox attributes to counsel for failing to pursue another strategy at trial, including counsel's investigatory methods, failure to call additional witnesses, cross-examination questions, and comments in his closing argument, are without merit.

Against that backdrop, the Court concludes that Fox has not shown that his trial counsel provided ineffective assistance in violation of the *Strickland* standard with respect to any of his claims. Therefore, the Court finds that the state court adjudications of Fox's first and second habeas claims were neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent. Fox is therefore not entitled to habeas relief on these claims.

## B. Claim III–Prosecutorial Misconduct

In his third habeas claim, Fox contends that the prosecutor committed misconduct. In addressing, and rejecting, these claims, the Court of Appeals stated:

> Defendant's pro se claims of prosecutorial misconduct were also not preserved at trial. Such claims are reviewed for plain error. Defendant's claims include allegations of forum and judge shopping, violation of a court order in having defendant arrested on May 20, 2004, and violation of confrontation rights when Ross did not testify at trial and defendant was not able to question Ross concerning his confession.
>
> There is no evidence in the lower court record to show plain error or any inference of support that the prosecutor engaged in unlawful forum shopping, that the prosecutor prevented defendant from questioning co-defendant Ross in this matter, or that the prosecutor violated defendant's constitutional rights.

*Fox*, 2006 WL 507598, at *3 (citation omitted).

Fox's third habeas claim is procedurally defaulted. A procedural default occurs when a state procedure bars a petitioner's claim and the state court "clearly and expressly" relied on that bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989). Under Michigan law, failure to make a contemporaneous objection serves as an independent and adequate state-law bar. *People v. Callon*, 256 Mich.App. 312, 329, 662 N.W.2d 501 (2003). The United States Supreme Court has stated that "in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas corpus review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 749 (1991)).

Here, Petitioner failed to make a contemporaneous objection at trial regarding his prosecutorial misconduct claims. Although the Court of Appeals reviewed his prosecutorial misconduct allegations for plain error (otherwise known as manifest injustice), such a review does not excuse his procedural default. *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989). Consequently, Fox's prosecutorial misconduct claims are procedurally defaulted.

Furthermore, the Court finds that Fox cannot overcome this procedural default because he has failed to establish cause and prejudice to excuse the default, or demonstrate that failure to consider this claim will result in a fundamental miscarriage of justice. First, Fox has failed to establish cause for the default, as he has not specifically alleged either in the state-court proceedings or in his habeas pleadings that trial counsel was ineffective for failing to object to the alleged prosecutorial misconduct. Second, Fox has failed to establish that he would suffer prejudice as a result of this Court not entertaining this claim on the merits. For all the reasons articulated in the previous section, there was overwhelming evidence of Fox's guilt.

Finally, Fox cannot demonstrate that this Court's failure to consider his defaulted claim would result in a miscarriage of justice, since he is not actually innocent. To the extent that Fox claims that Lawrence Richards's alleged account of the shooting provides evidence of his innocence, such an account is neither reliable (for the reasons outlined in the previous section) or new (since Richards's account of events was known at the time of trial). Thus, because Fox cannot meet the stringent standard of demonstrating actual innocence under clearly established United States Supreme Court precedent, *Murray v. Carrier*, 477 U.S. 478, 496 (1986), manifest injustice would not ensue from this Court's

refusal to entertain his third habeas claim on the merits.

Against that backdrop, Fox's allegations of prosecutorial misconduct, as encompassed within his third habeas claim, are procedurally defaulted. He cannot show cause for this procedural default, or establish prejudice or demonstrate a miscarriage of justice in order to excuse this procedural default. Therefore, Fox is not entitled to habeas relief regarding his prosecutorial-misconduct claims.

### C. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong . . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find its assessment of Fox's claims debatable or wrong. Nor would reasonable jurists debate whether the Court's procedural-default ruling was correct. The Court therefore declines to issue Fox a certificate of appealability and denies him an application for leave to proceed on appeal *in forma pauperis*.

12

## IV. CONCLUSION

The state courts's decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Fox has failed to establish that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, **IT IS ORDERED** that Fox's petition for a writ of habeas corpus [dkt. # 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue Fox a certificate of appealability and denies him an application for leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed.R.App.P. 24(a).

Dated: October 21, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 21, 2010, by electronic and/or ordinary mail and also to Rodney Fox at Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

S/Josephine Chaffee
Deputy Clerk

---